## Houston v. Commonwealth.

June 21, 1940.

Loraine Mix, Judge.

Henry T. Merritt for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

Upon conviction for the murder of Arnold Smith, the appellant, Ernest Houston, a negro, received a sentence of death and brings this appeal. He was repre-

sented on the trial by counsel appointed by the court and counsel candidly admits that he is unable to point out any substantial error committed on the trial. Counsel states in his brief, however, that he feels that it would be a neglect of his duty to permit his client's life to be taken without a review by this court. He therefore asks us to examine the record and determine whether or not appellant should pay the extreme penalty of the law.

The appellant testified on the trial that he and another negro, Chink Davis, had planned, a week or more in advance of the killing, to rob the deceased, who was a collector for a business firm and who was in the habit of making business visits at appellant's home and other homes nearby. According to the pre-arranged plan, appellant and Davis hid in a yard several doors from appellant's home, and when the deceased drove up and parked his automobile at the curb and got out to go in appellant's home he and the other man, armed with a hatchet which appellant had taken from his home, got in the rear of the deceased's automobile and laid down, and when the deceased re-entered the automobile and started to drive away he was hit in the head with the hatchet for the purpose of knocking him unconscious. According to appellant, Davis hit deceased with the hatchet first; in fact, appellant says Davis struck the deceased with the hatchet a number of times and then handed the hatchet to him while he proceeded to take the deceased's money from his person. While Davis was engaged in taking the money from the deceased, appellant states that the deceased groaned and Davis thereupon told appellant to hit him again with the hatchet, which appellant did. It may be here observed that in a confession made to police officers appellant stated that he hit the deceased quite a number of times with the hatchet—that every time the deceased would moan or groan he would hit him. After obtaining the deceased's money appellant and Davis fled but were shortly apprehended, and soon thereafter appellant made a complete confession, which he partly repudiated as above indicated. A portion of the money was found on appellant's person and a portion recovered from a third negro to whom appellant confessed he had turned it over.

A mere reading of the substance of appellant's testimony as above outlined discloses that according to his

546

own testimony he was plainly guilty of willful murder. By his own admission he planned in advance to rob the deceased and to strike him with the hatchet while doing so. This plan was carried out and the deceased died as a result of blows inflicted by the appellant and Davis in the course of the robbery. Under these circumstances the jury was amply justified in imposing the severest penalty known to the law.

We have examined the record and find no errors requiring reversal. There are one or two slight irregularities but nothing that we consider in any way prejudicial to appellant's substantial rights. Appellant's counsel admits that the trial was completely free from bias and prejudice often accompanying trials involving murder committed by a negro upon a member of the white race. Our examination of the record reveals nothing in the way of bias and prejudice, and since we find no error prejudicial to appellant's substantial rights, we have no recourse except to affirm the judgment.

Judgment affirmed.

The whole court sitting except Judge Rees.